

# NUMBER 13-21-00353-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

AMANDA ACOSTA A/K/A
AMANDA RODRIGUEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Longoria**

Appellant Amanda Acosta a/k/a Amanda Rodriguez appeals from a revocation of her community supervision. By her sole issue, appellant contends the trial court lacked jurisdiction to revoke her community supervision because the term of her supervision had expired. We affirm.

## I.    BACKGROUND

Appellant pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony, and was placed on deferred adjudication community supervision for a period of four years beginning June 6, 2016. *See* TEX. PENAL CODE ANN. § 22.02. On November 19, 2019, the State filed a motion to adjudicate guilt, alleging five violations of the conditions of appellant's community supervision. On January 7, 2020, appellant pleaded true to the State's allegations in its motion to adjudicate, and the trial court entered an order finding the allegations in the motion to be true and extending appellant's community supervision by one year, to expire on June 6, 2021.

On April 28, 2021, the State filed its second motion to adjudicate guilt, alleging appellant operated a motor vehicle while intoxicated (DWI), escaped from custody, and refused to submit to a "chemical test" "to determine whether [appellant] ingested alcohol or other substances in violation" of her community supervision. Appellant signed a stipulation of facts and judicial confession stating that the facts as alleged by the State in its second motion to adjudicate guilt were true. The trial court held a hearing on the State's motion, wherein appellant informed the trial court that she willingly and knowingly signed the stipulation. The trial court found the allegations to be true and correct. The State recommended appellant be adjudicated guilty and sentenced her to a term of incarceration.

Appellant's mother testified that appellant has five children, the youngest being six months old at the time of the hearing and the oldest being seven years old. Appellant's

2

mother explained that appellant was very involved with her children and that she believed appellant had been doing well on probation, complying with everything appellant's probation officer requested of her. Appellant's mother requested that the trial court allow appellant to go home to her children.

The State presented Texas Department of Public Safety Trooper O'Ryan Wiley. Wiley testified that he arrested appellant on a charge of DWI after appellant was involved in a car accident. After she was placed in handcuffs, appellant removed herself from his vehicle but was stopped by other officers and returned to Wiley's vehicle. Wiley further explained that appellant fled from the hospital where she was being treated after the car accident.

The trial court pronounced appellant guilty, revoked her community supervision, and sentenced her to seven years' incarceration. This appeal followed.[1]

## II. ANALYSIS

In her sole issue on appeal, appellant argues that the trial court lacked jurisdiction to revoke her community supervision because her "period of community supervision had expired on May 2, 2020." Appellant argues that the January 7, 2020 order extending her probation was invalid because it was not "signed or certified by the district clerk."

> Article 42A.752 (titled, "Continuation or Modification of Community Supervision After Violation") provides in part that a judge may, after finding the defendant violated a condition of community supervision, impose any

[1] Appellant's brief was submitted on December 9, 2021. Subsequent to the filing of appellant's brief, counsel for appellant sought to withdraw from representation of appellant because "communication [was] no longer possible." The trial court granted counsel's motion and new counsel was appointed. Appellant's newly appointed counsel has informed this Court that appellant would not be filing a new brief. As such, we address the brief filed on December 9, 2021, in this memorandum opinion.

3

other conditions the judge deems appropriate, including "an extension of the period of community supervision, in the manner described by Article 42A.753." TEX. CODE CRIM. PROC. ANN. art[.] 42A.752(a)(2). Article 42A.753 ("Extension of Community Supervision After Violation") provides in part that "[o]n a showing of good cause, the judge may extend a period of community supervision under Article 42A.752(a)(2) *as frequently as the judge determines is necessary*, but the period of community supervision in a first, second, or third degree felony case may not exceed 10 years." *Id.* art. 42A.753(a) (emphasis added).

*Porras v. State*, 629 S.W.3d 288, 290 (Tex. App.—Dallas 2020, pet. ref'd).

Appellant does not argue that the trial court erred in extending her community supervision, but rather that the order doing so was void because it was not signed by the district clerk. According to appellant, the district clerk's signature certifies: (1) that appellant received a copy of the signed order, and (2) that appellant's signature is authentic. However, appellant does not dispute that she received the signed order, nor does she challenge the authenticity of her signature. The order was signed by the trial court judge, appellant, and appellant's supervision officer. We note that prior to appellant's signature line, the order states: "I acknowledge receipt of a copy of the Order Continuing the Defendant on Community Supervision and fully understand the same." Appellant provides no authority that a trial court's order lacking a district clerk's signature is void, and we find none. *See* TEX. R. APP. P. 38.1(i). As such, we cannot agree that the trial court's order extending appellant's community supervision was void and, therefore, we overrule appellant's sole issue on appeal.

4

### III. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of February, 2023.